IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CATHY LOWRY,

    Plaintiff,

-v-                                          CIVIL ACTION NO.

SANTANDER CONSUMER USA, INC.,    3:12-cv-1393-J-99MMH-TEM

    Defendant.

_____/

## NOTICE OF REMOVAL

**COMES NOW** defendant Santander Consumer USA, Inc. ("Defendant"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the County Court of Clay County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. In support of this notice of removal, Defendant states as follows:

2049878 v1

## I. INTRODUCTION

1. Plaintiff Cathy Lowry ("Plaintiff") commenced this action by filing a complaint against Defendant in the County Court of Clay County, Florida, Case Number 2012-CC-000626 on or about October 11, 2012.

2. Plaintiff's complaint asserts claims against Defendant relating to alleged improper collection of a debt and alleged improper reporting of information related to a debt. [*See generally* Complaint.]

3. Based on these allegations, Plaintiff attempts to assert federal claims against Defendant under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5. Plaintiff's state law claims against the defendants may also be removed pursuant to 28 U.S.C. § 1367(a), which states in pertinent part:

...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

## II. FEDERAL QUESTION JURISDICTION

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting a claim against Defendant based upon alleged violations of the FDCPA and the FCRA, which are all federal consumer protection statutes. [*See* Complaint; *see also* 15 U.S.C. § 1692 *et seq.* and 15 U.S.C. § 1681 *et seq.*]

8. Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court. *See Boone v. JP Morgan Chase Bank, N.A.*, 447 F. App'x 961, 963 (11th Cir. 2011) (holding that removal was proper because the district court had subject-

matter jurisdiction over the claims that were based on alleged violations of federal statutes including the FDCPA). Furthermore, Plaintiff's FCRA claim also arises under the laws of the United States and could have been originally filed in this Court. *See Lockhard v. Equifax, Inc.*, 163 F. 3d 1259, 1264-65 (11th Cir. 1998) (holding that the language of the FCRA allows state courts concurrent jurisdiction for FCRA claims, and that provision does not provision of concurrent jurisdiction does not prohibit removal.)

### III. SUPPLEMENTAL JURISDICTION

9. This Court can exercise supplemental jurisdiction over Plaintiff's state law claims because these claims form part of the same case or controversy as Plaintiff's alleged FDCPA and FCRA violations.

10. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

11. In the instant case, Plaintiff's state law claims are related to the same alleged conduct that forms the basis for Plaintiff's FDCPA and FCRA claims. Thus, it is clear that Plaintiff's state law claims in this case are "so

related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

12. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. *See Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)). In the instant case, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's demand for relief under the FDCPA or FCRA, and arise from the same transactions or occurrences as one or more of the Plaintiff's federal question claims. *See id.* (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

13. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. PROCEDURAL REQUIREMENTS

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

15. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a) and Local Rule 4.02.

16. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446, as Defendant has not been served with process.

17. Defendant has heretofore sought no similar relief.

18. The United States District Court for the Middle District of Florida, Jacksonville Division, is the court and division embracing the place where this action is pending in state court.

19. Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the County Court of Clay County, Florida and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

20. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court of Clay County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.

8

Respectfully submitted,


*s/ R. Frank Springfield*
R. Frank Springfield (FL Bar No. 0010871)
Matthew Devine (FL Bar No. 0099377)
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
fspringf@burr.com
mdevine@burr.com

Attorneys for Defendant
SANTANDER CONSUMER USA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 27th day of December, 2012:

Jeremy Kespohl
Bromagen & Rathet, P.A.
135 2nd Avenue North
Suite One
Jacksonville Beach, FL 32250

*s/ R. Frank Springfield*
OF COUNSEL