IN THE COUNTY COURT IN AND FOR
CLAY COUNTY, FLORIDA

CASE NO:
DIVISION:

CATHY LOWRY

        Plaintiff,

v.                         3:12-CV-1393-J-99MMH-TEM

SANTANDER CONSUMER USA, INC.,

        Defendant.
_____/

## COMPLAINT, JURY DEMAND AND WRITTEN DISCOVERY REQUESTS

CATHY LOWRY ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant SANTANDER CONSUMER USA, INC., ("Defendant") and alleges as follows:

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), 15 U.S.C. 1681, et.seq, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Plaintiff also alleges a state law tort for intrusion upon seclusion.

## JURISDICTION AND VENUE

2. Plaintiff is a natural person, a resident of Clay County, and citizen of the state of Florida.

3. The amount in controversy does not exceed $15,000 exclusive of attorney's fees, costs, and interest.

4. SANTANDER CONSUMER USA, INC., is a foreign corporation, registered with the state of Florida, with a primary place of business at 8585 North Stemmons Suite 1100-N, Dallas, TX 75247.

5. Defendant uses the mail and telephone in a business which includes the collection of debts.

6. Defendant regularly conducts business in the state of Florida.

7. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Plaintiff currently has a vehicle loan with Defendant.

9. On March 24, 2012 Plaintiff made a payment of $889.05 to Defendant related to her loan. In addition to the payment Plaintiff was charged an additional fee related to her manner of payment.

10. Soon thereafter Defendant began receiving collection calls from Defendant stating that her account was past due.

11. Plaintiff explained that she has made a payment on March 24th and Defendant's employees or agent repeatedly denied this though Plaintiff's bank statements showed the payment to Defendant.

12. Defendant made numerous calls per day to Defendant attempting to collect the alleged debt and on several occasions called five times a day or more.

13. Defendant's agents and employees were rude and harassing in numerous of these communications.

14. Plaintiff explained on several occasions that she had in fact paid the amount owed and requested that the calls cease but the calls did not cease for many weeks.

15. Upon information and belief Defendant reported the delinquency to one or more credit bureaus despite the fact Plaintiff had made her payments.

16. On her August 13, 2012 statement the March payment was finally reflected five months after the payment was made.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in violation of 15 U.S.C. § 1692d(6).

19. Defendant placed telephone calls to Plaintiff at a time and place known to be inconvenient to Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

20. Defendant engaged in conduct the natural consequences of which were to harass, oppress, or abuse Plaintiff in violation of 15 U.S.C. § 1692d.

21. Defendant caused the telephone to ring and engaged Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5).

22. Defendant made false, deceptive and misleading statements in connection with debt collection in violation of 15 U.S.C. § 1692e.

23. Defendant made false representations and engaged in deceptive practices to collect a debt or obtain information in violation of 15 U.S.C. § 1692e(10).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and Actual Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

1. Plaintiff incorporates Paragraphs 1 through 16.

2. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to the invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

3. Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion and solitude.

4. Defendant intentionally caused harm to Plaintiff's emotional well being in offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

5. Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

6. These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Such other or further relief as the Court deems proper

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## § 559.72 Fla. Stat.

7. Plaintiff incorporates Paragraphs 1 through 16.

8. Defendant willfully communicated with the Plaintiff with such frequency as can reasonably be expected to harass Plaintiff.

9. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the Plaintiff.

10. Defendant failed on one or more occasions to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by Plaintiff from whom she or he is collecting or attempting to collect a consumer debt.

11. On one or more occasion Defendant failed to disclose its name, that it is a debt collector and the purpose of its communications

12. Defendant willfully engaged in such behavior is direct violation of Fla. Stat. § 559.72(9) and Fla. Stat. § 559.72 (7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Statutory and Actual Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

30. Plaintiff incorporates Paragraphs 1 through 16.

31. Plaintiff brings this action against Defendant under sections 15 U.S.C. § 1681s-2(b), 15 U.S.C. § 1681n, and 15 U.S.C. § 1681o of the Fair Credit Reporting Act.

32. Plaintiff is a "consumer" as defined in 15 USCS § 1681a(c).

33. Defendant is a "furnisher" of credit information as described in 15 USCS § 1681s-2.

34. Defendant reported information regarding Plaintiff to one or more credit bureaus that it knew or should have known was incorrect.

35. On multiple occasions Plaintiff informed Defendant that the information reported was incorrect.

36. Defendant failed to perform a reasonable investigation into Plaintiff's claims as required by 15 U.S.C. § 1681s-2(b).

37. Defendant has willfully or negligently failed to comply with the Fair Credit Reporting Act.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

BROMAGEN & RATHET, P.A.

_____
JEREMY KESPOHL
Fla. Bar No. 0035979
Attorney for Plaintiff
135 2nd Avenue North, Suite One
Jacksonville Beach, FL  32250
(904) 242-0860  Telephone
(904) 242-0830  Facsimile
Jeremy.Kespohl@Bromagenlaw.com